## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE A. LUENGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| ASI LLOYDS AND ADAM ANDERSON, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ASI LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant ASI Lloyds in Cause No. C-2706-10-C, pending in the 139th Judicial District Court of Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

### I.

### FACTUAL BACKGROUND

1.1     On or about August 30, 2010, Plaintiff filed Plaintiff's Original Petition in the matter styled *Jose A. Luengo v. ASI Lloyds and Adam Anderson*, Cause No. C-2706-10-C, pending in the 139th Judicial District Court of Hidalgo County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy with ASI Lloyds following Hurricane .

1.2     Plaintiff served Defendant ASI Lloyds ("ASI") with Plaintiff's Original Petition and process on September 23, 2010, by process server on its registered agent, Rodney D. Bucker, 700 North Pearl Street, Twenty-fifth Floor, Dallas, TX 75201-2825.

1.3     Plaintiff served Defendant Adam Anderson ("Anderson") with Plaintiff's Original Petition and process by process server initially at his residence at 1283 Fruitland Ave, Clearwater, Florida 33764 and subsequently at his place of business at American Strategic Insurance Corp. in St. Petersburg, Florida.

1.4     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, a certified copy of the docket sheet and a copy of Defendants ASI Lloyds and Adam Anderson's Original Answer to Plaintiff's Original Petition and Motion to Compel Mediation. Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.

## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

2.2     Plaintiff is, and was at the time the lawsuit was filed, residents of the State of Texas. *See* Plaintiff's Original Petition, ¶ 2.

2.3     Defendant, ASI Lloyds was, and at the date of this Notice remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of

Florida.[1]   "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]   Accordingly, ASI is a citizen of the State of Illinois and Virginia.

**A.    Defendant Adjuster, Adam Anderson, Has Been Improperly and/or Fraudulently Joined in this Lawsuit**

2.4    Although adjuster Defendant Anderson is a Citizen of Florida, and therefore, complete diversity exists, adjuster Defendant Anderson has been fraudulently and/or improperly joined in this action.

2.5    The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).   Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); *see also Bailey, et. al. v. State Farm Lloyds, et. al.*, Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); *Massey*, 993 F. Supp. at 570.

[2] "Fifth Circuit jurisprudence is equally clear." *See Massey*, 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

2.6     The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.7     With respect to the claims against Anderson, it is ASI Lloyds' position that he has been fraudulently joined in this action. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.8     Here, based on Plaintiff's vague allegations in Plaintiff's Original Petition, there is no basis to reasonably predict that Texas law might impose liability on Anderson because no real facts relating to him have been set forth. The allegations against Anderson appear to simply be a recasting of those against ASI Lloyds.

5.      Plaintiff asserts causes of action for breach of contract due to ASI Lloyds' failure to provide adequate compensation under their homeowners' policy, for violation of the Texas Insurance Code, for fraud and for breach of the duty of good faith and fair dealing. Specifically,

the breach of contract claim is only proper against ASI Lloyds, the insurer and entity who issued the policy in dispute. Any alleged violation of the Texas Insurance Code, for bad faith, or fraud is predicated on a finding that ASI Lloyds breached the insurance policy issued to Plaintiff. Thus, these allegations can only apply to ASI Lloyds. Accordingly, Plaintiff's claims against Michael Lee Joyce for violation of the Texas Insurance Code or for fraud can only apply to ASI Lloyd's.

    2.9    Here, Plaintiff fails to offer any specific facts in support of his claims against the adjuster Defendant Anderson and therefore he fails to make the required "factual fit between [their] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Plaintiff's conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply.[3] Thus, Plaintiff's Original Petition really alleges nothing more than Defendants, specifically the adjuster Defendant Anderson, violated Chapter 541 of the Insurance Code.

    2.10    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiff's failure to mention any actionable facts related

---

[3] Compare ¶¶34-38 of Plaintiff's Original Petition with Tex. Ins. Code. Ann §§ 541.060 (a)(1), (2)(A), (3), (4)(A)-(B), and (7). The latter reads:

    (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
    (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
    (A) a claim with respect to which the insurer's liability has become reasonably clear;
                ****
    (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
    (4) failing within a reasonable time to:
    (A) affirm or deny coverage of a claim to a policyholder; or
    (B) submit a reservation of rights to a policyholder;
                ****
    (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

to the conduct of the adjuster Defendant Anderson constitutes a failure to state a claim and results in fraudulent joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).  Based upon the foregoing, adjuster Defendant Anderson was improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

**B.      The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

2.11     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount

in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.12   Plaintiff's claims are centered on ASI's alleged failure to pay the full proceeds of Plaintiff's policy necessary to make repairs to Plaintiff's dwelling.  Plaintiff's dwelling policy limit is $120,000, and the personal property policy limit is $48,000.  *See* Exhibit "D".   In addition, Plaintiff's Original Petition alleges that all Defendants are liable under various causes of action for actual damages, statutory penalties, treble damages, punitive and exemplary damages, and attorney's fees. *See* Plaintiff's Original Petition, ¶¶ 61-65.  This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.

### THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant ASI was first served with Plaintiff's Original Petition and process on September 23, 2010.  Defendant ASI files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2   Although Defendant Anderson's consent is not required in this case as it has been fraudulently joined, Anderson did provide ASI with his consent to this removal. See Exhibit "E". *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

**NOTICE OF REMOVAL - PAGE 7**
1555626v1
04098-057

3.3     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.4     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5     Pursuant to 28 U.S.C. §1446(d), promptly after ASI files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.6     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after ASI files this Notice.

## IV.

## <u>CONCLUSION</u>

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant ASI Lloyds hereby removes this case to this court for trial and determination.

Respectfully submitted,

_____
Jay Scott Simon
Attorney-in-charge
State Bar No. 24008040
Southern District No. 31422
THOMPSON, COE, COUSINS, & IRONS, L.L.P.
One Riverway, Suite 1600
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

ATTORNEY FOR DEFENDANTS
ASI LLOYDS AND ADAM ANDERSON

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of October, 2010, a copy of this document was mailed to all Counsel of Record via certified mail, return receipt requested to:

W. Shawn Staples
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027
Telephone: (713) 861-6616
Facsimile: (713) 861-8084

_____
Jay Scott Simon